**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID R.  PUCKETT,** | ) | **CASE NO. 1:13 CV 310** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **A.  SELVAGE, et al.,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court upon *pro se* plaintiff David R. Puckett's motion to alter

or amend judgment.  (Doc. # 13).  For the reasons that follow, plaintiff's motion is denied.

## I.  BACKGROUND

Plaintiff filed this action on February 12, 2013 against Mansfield Correctional Institution

("ManCI") Unit Manager Amanda Selvage, ManCI Investigator A. Hunsinger, ManCi

Education Department Instructor C. Essenmacher, ManCI Education Department Principal S.

Phillians, and ManCI Rules Infraction Board ("RIB") Chairman, Lieutenant Dalby.  (Doc. # 1).

In his complaint, plaintiff alleged he was subjected to a "security class / level review," resulting

in his transfer to a limited privilege housing assignment in retaliation for his use of the

grievance process.  Further, plaintiff contended he was not afforded due process of law during

disciplinary proceedings, which resulted in his removal from his job assignment as a tutor and a

30-day phone restriction.

Thereafter, the Court issued its Memorandum of Opinion and Order dismissing this

action on April 16, 2013.  (Doc. # 9).  Specifically, the Court held plaintiff had failed to plead

sufficient facts in support of his retaliation and due process claims.  With respect to his

retaliation claim, the Court found plaintiff's allegations that defendant Selvage retaliated against

him vague and wholly conclusory; noting plaintiff offered no factual allegations reasonably

suggesting he was subjected to a security class/ level review and housing transfer based on any intent by Selvage to retaliate against him.  Similarly, as to plaintiff's due process claims, the Court held the Complaint did not contain allegations from which the Court could find plaintiff had been subjected to atypical or significant hardship by virtue of defendants' discipline of him. Further, the Court found plaintiff could not maintain an action against defendants under 42 U.S.C. § 1983 for violations of the Ohio Administrative Code or institutional policies and procedures.

Plaintiff then filed the instant motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59 on April 24, 2013, seeking relief from the Court's decision.  Specifically, he alleges his Complaint had merit.  He contends he was never found guilty of a rule violation prior to his transfer to a 3B pod, as required by Ohio Admin. Code § 5120-9-09, and that this transfer would not have occurred but for his participation in protected conduct.  He further contends he was subjected to atypical and significant hardships, including 21 hour lock down from November 16, 2012 to January 8, 2013, denial of his right to participate in religious services, denial of access to the unit library, threats of physical violence from "Security Threat Groups," placement of a mental health patient in his cell, and exposure to fire hazards and noisy conditions.  These allegations did not appear in the Complaint.

## II. ANALYSIS

Rule 59(e) allows district courts to alter, amend, or vacate a prior judgment. *See* Fed. R. Civ. Proc. 59(e); *Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)).  It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The Sixth Circuit has explained, "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988). Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122; 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810–1, at 124 (2d ed. 1995).

In his motion, plaintiff first argues that the Complaint adequately stated a claim for retaliation because it alleged he was moved to a limited privilege housing unit without notice, a hearing, or a prior "RIB violation," and that this would not have occurred if he had not filed a grievance. As previously explained in this Court's Memorandum of Opinion and Order, plaintiff failed to allege facts which show not only that he exercised a First Amendment right, but that the adverse action, his transfer, was motivated by the grievance he filed. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff, for example, did not allege direct evidence of a causal link, such as any statement by Selvage that she was subjecting him to a security level/class review and transfer because of his filing a grievance or writing a letter to the warden. Nor did he allege indicrect evidence of an intent to retaliate, such as a temporal relationship, i.e., nearness in time, between the filing of his grievance and Selvage's actions and that Selvage's conduct was the subject of his prior grievance or letter to the warden. Selvage's failure to comply with Ohio administrative rules or policies, standing alone, does not by itself establish a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n. 2 (6th Cir. 2007).

Plaintiff next argues this Court should reconsider its finding that his prison disciplinary proceeding did not give rise to protected liberty interest because the restrictions imposed as a result, as pleaded in the Complaint, did not constitute "atypical and significant" hardships in

relation to "the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995).
He then identifies a number of additional restrictions placed upon him by defendants not
previously alleged in the Complaint.

The Court rejects this argument. As set forth above, "Rule 59(e) motions cannot be used
to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at
475. There is no reason plaintiff could not have pled these facts in his Complaint. While the
Court recognizes plaintiff is proceeding *pro se*, it cannot allow him to change the factual
allegations in his Complaint via a Rule 59(e) motion in an attempt to address the Court's
reasons for dismissing his action. Accordingly, the Court finds this argument in support of
plaintiff's motion to alter or amend its judgment lacks merit.

### III. CONCLUSION

Accordingly, for the reasons above, plaintiff's motion to alter or amend judgment (Doc.
# 13) is denied. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal
from this decision could not be taken in good faith.[1]


**IT IS SO ORDERED**.


*/s/Dan Aaron Polster 4/30/13*
**Dan Aaron Polster**
**United States District Judge**

---

[1]    28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial
court certifies that it is not taken in good faith."